UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FLOYD HARRIS                                                         CIVIL ACTION

VERSUS

STATE OF LOUISIANA                                          NO. 23-00534-BAJ-EWD

### RULING AND ORDER

On July 10, 2023, Petitioner, an inmate incarcerated at the Louisiana State Penitentiary, filed a complaint pursuant to 42 U.S.C. § 1983 which, properly construed, challenges the constitutionality of his ongoing confinement because he was not convicted by a unanimous jury. (Doc. 1). The Magistrate Judge issued a Report and Recommendation that acknowledged the nature of Petitioner's claims and recommended dismissal on the basis that such claims "may only be pursued in a habeas corpus proceeding" under 28 U.S.C. §2254, not in a civil rights action pursuant to §1983. (Doc. 4 at 4). Petitioner objected to dismissal, contending that "his claim enjoys the [duality] of being cognizant under [both] 28 U.S.C. § 2254 and [42] U.S.C. § 1983" because Louisiana is the only state that operates under civil law, thus affording him rights under both the U.S. Constitution and the Louisiana Constitution. (Doc. 5 at 2). As noted by the Magistrate Judge, challenges to the constitutionality of a state court conviction may *only* be brought by way of a habeas petition. *Williams v. Dallas Cnty. Comm'rs*, 689 F.2d 1212, 1214 (5th Cir. 1982).

Upon de novo review, and having carefully considered Petitioner's Complaint, the Report, and Petitioner's objections, the Court **APPROVES** the Report and

**ADOPTS** it as the Court's opinion in this matter.[1]

Accordingly,

**IT IS ORDERED** that Petitioner's constitutional claims be and are hereby **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's potential state law claims.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 10th day of July, 2024

*[signature]*

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] Petitioner is advised that construing the complaint as a habeas petition pursuant to 28 U.S.C. § 2254 would be futile because the United States Supreme Court has held that the unanimous jury requirement announced in *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020), is not retroactive. *Edwards v. Vannoy*, 141 S. Ct. 1547 (2021).